Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| DIOSDADO GONZÁLEZ RIVERA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400046 | *REVISIÓN ADMINISTRATIVA* procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación<br><br>Caso núm.: PA-535-23<br><br>Sobre: Petición de *Mandamus* en Auxilio por Daños y Perjuicios |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Comparece ante nos, por derecho propio, la parte recurrente, Diosdado González Rivera, mediante un recurso intitulado *Mandamus en Auxilio y Revisión Administrativa*, el cual calificamos como una revisión judicial. En lo pertinente, solicita nuestra intervención a los fines de que le ordenemos a la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación emitir la respuesta final correspondiente a su *Solicitud de Remedio Administrativo* presentada el 23 de mayo de 2023, recibida por la agencia el 5 de junio del mismo año, que atienda todos sus reclamos.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

I

El presente recurso tiene su génesis en una *Solicitud de Remedio Administrativo*, presentada por Diosdado González Rivera (González Rivera o recurrente) el 23 de mayo de 2023, recibida por la División de

Número Identificador

SEN2024 _____

Remedios Administrativos del Departamento de Corrección y Rehabilitación, Institución Correccional Ponce Adultos 1000 (División de Remedios Administrativos) el 5 de junio del mismo año.[1]

Transcurridos todos los términos reglamentarios para que la División de Remedios Administrativos respondiera sin que ello sucediera, el 25 de septiembre de 2023, recibida el 3 de octubre del mismo año, el recurrente acudió ante nos mediante un recurso de revisión judicial de nomenclatura KLRA202300517. En síntesis, González Rivera reiteró los reclamos esbozados en la referida solicitud y denunció el incumplimiento del organismo administrativo con la reglamentación aplicable al no emitir respuesta alguna a su petitorio pasado el término reglamentario correspondiente.

Evaluado el recurso, el 15 de diciembre 2023, emitimos una *Sentencia*, mediante la cual desestimamos el recurso por falta de jurisdicción. Indicamos que, si bien, el 9 de noviembre de 2023, la División de Remedios Administrativas había emitido en destiempo una *Respuesta al Miembro de la Población Correccional*, esta no atendía todos los reclamos esbozados por el recurrente en su *Solicitud de Remedio Administrativo*. En virtud de ello, concluimos que el recurso era prematuro, toda vez que el dictamen recurrido se encontraba pendiente de adjudicación ante el organismo administrativo, pues este no había emitido una determinación final revisable por este Foro.

Así las cosas, el 16 de enero de 2024, recibida el 29 del mismo mes y año, el recurrente acudió nuevamente ante nos mediante el recurso de epígrafe. En esencia, reiteró los argumentos detallados en el KLRA202300517. En lo pertinente, sostuvo que la División de Remedios Aldministrativos no había emitido aún la determinación final atendiendo todos sus reclamos.

Luego de una revisión del expediente que nos ocupa, el 6 de febrero de 2024, emitimos la siguiente *Resolución*:

---

[1] Anejo 1 del recurso.

[E]n aras de agilizar los procedimientos y brindar un adecuado acceso a la justicia, toda vez que es la segunda ocasión en la cual el recurrente le imputa al recurrido el incumplimiento con los términos reglamentarios aplicables para emitir una respuesta final a su petitorio de remedio administrativo, disponemos lo siguiente:

Tenga la parte recurrida el término de treinta (30) días para presentar su alegato. Véase, Regla 63 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 63. Si bien el recurrido se expresará en cuanto a la totalidad de los planteamientos esbozados por el recurrente en su recurso, en particular, **deberá expresarse en cuanto al estatus de la respuesta final del organismo administrativo que atienda todo lo reclamado por el recurrente en su *Solicitud de Remedio Administrativo*, PA-535-23, según descrito por esta Curia en las páginas 17-19 de la *Sentencia* emitida el 15 de diciembre de 2023 en el KLRA202300517**. A su vez, deberá expresarse en cuanto a la alegación del recurrente sobre el incumplimiento con los términos reglamentarios aplicables y su solicitud de acreditación de cualquier proceso disciplinario que la agencia llevará a cabo a raíz de lo alegado, conforme a lo dispuesto en nuestro ordenamiento jurídico y según detallado por este Foro en las páginas 14-17 de la referida determinación en el KLRA202300517. Al concluir el referido término sin cumplir, se procederá sin el beneficio de su comparecencia.

Además, tenga el Departamento de Corrección y Rehabilitación el término de diez (10) días para elevar copia certificada del expediente administrativo en el caso de epígrafe.

Luego de concedida una prórroga, el 14 de marzo de 2024, la Oficina del Procurador General de Puerto Rico, en representación del Departamento de Corrección y Rehabilitación (recurrido), compareció mediante *Escrito en Cumplimiento de Resolución*. Informó que, el 7 de marzo de 2024, notificada el 12 del mismo mes y año, la agencia recurrida emitió una nueva *Resolución*, mediante la cual atendió todos los reclamos presentados por González Rivera. En particular, el organismo administrativo dispuso en el referido dictamen que: (1) González Rivera no contaba con los prerrequisitos necesarios para ser matriculado en el curso de Ingeniería; (2) del área escolar se informó que, ante la actualización de matrícula para el año académico 2024-25, González Rivera sería matriculado en agosto del año corriente para que se beneficiara de la totalidad de los cursos; (3) el 12 de febrero de 2024, González Rivera fue orientado sobre lo anterior; (4) actualmente, González Rivera participaba en el curso de Jardinería Comercial y Residencial.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *FCPR v. ELA et al.*, supra.

Una de las ocasiones en que un tribunal carece de jurisdicción, es cuando se presenta un recurso tardío o prematuro. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Un recurso tardío es el que se presenta pasado el

término provisto para recurrir. *Íd.*; *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). Al igual que un recurso presentado tardíamente, un recurso prematuro adolece del grave e insubsanable defecto de falta de jurisdicción. *Pueblo v. Ríos Nieves*, supra. Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.

La Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 57, establece que el término para presentar el recurso de revisión será dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. De otro lado, el mismo Reglamento en su Regla 83, 4 LPRA Ap. XXII-B, R. 83, dispone que este Tribunal tiene la facultad para, a iniciativa propia o a petición de parte, desestimar un recurso por falta de jurisdicción.

Esbozada la norma jurídica, procedemos a disponer del recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Así, este Foro debe expresarse, en primer lugar, sobre el escollo jurisdiccional que tiene ante su consideración.

El recurso que nos ocupa fue presentado el 16 de enero de 2024, recibido en la Secretaría de este Tribunal el 29 del mismo mes y año. A la fecha de presentación, la respuesta a la *Solicitud de Remedio Administrativo*, sometida por el recurrente el 23 de mayo de 2023, se encontraba pendiente de consideración por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. No fue hasta el 7 de marzo de 2024, notificada el 12 del mismo mes y año, que la

agencia recurrida emitió una nueva *Resolución*, mediante la cual atendió todos los reclamos presentados por González Rivera.  Por consiguiente, el recurso incoado ante esta Curia es uno prematuro, privándonos así de jurisdicción para atenderlo en los méritos.

Entendemos por prematuro, lo que ocurre antes de tiempo. En el ámbito procesal, una revisión judicial o recurso prematuro es aquel presentado en la Secretaría de un Tribunal Apelativo antes de que este tenga jurisdicción.  Una revisión judicial prematura sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. Independientemente de los méritos que pueda tener un recurso presentado ante esta Curia, en ausencia de jurisdicción, lo único que podemos hacer es así declararlo. Después de todo, ante un recurso de revisión judicial, la determinación final de la agencia correspondiente es necesaria para acudir ante un tribunal de mayor jerarquía. Es a partir de la fecha en que se archiva en autos copia de la notificación de la orden o resolución final de la agencia que los términos para recurrir en alzada comienzan a decursar.

De estar inconforme con la respuesta final de dicho organismo, la persona confinada debe solicitar la reconsideración dentro del término aplicable para ello y, consiguientemente, el cauce administrativo culmina con la determinación que haga la agencia. En consecuencia, de estar todavía en desacuerdo, la persona confinada entonces tiene a su disposición el remedio de la revisión judicial, el cual se manifiesta mediante un recurso presentado ante el Tribunal de Apelaciones.

En vista de lo anterior, resulta forzoso desestimar el recurso de epígrafe por falta de jurisdicción por prematuro.

**IV**

Por los fundamentos que anteceden, desestimamos el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Notifíquese a las partes, al Procurador General y a la Secretaria del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones